UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| ERVIN LELO, | |
|           Plaintiff, | Civil Action No. 18-3454 (SRC) |
| v. | **OPINION & ORDER** |
| GIGI LELO, HELDA ROCK and 1059 ABBOT BLVD, LLC, | |
|           Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court upon Defendants' filing (Docket No. 21) of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes this motion (Docket No. 29), and Defendants have filed a reply brief (Docket No. 30). The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motion is granted.

I.     PROCEDURAL BACKGROUND

This case concerns commercial rent payments allegedly owed to Plaintiff Ervin Lelo by Defendants Gigi Lelo and Helda Rock—his mother and sister respectively—in connection with real estate that the parties jointly own in the Republic of Albania.[1] Plaintiff's father owned and leased this property to various entities, including the United States Embassy and the Office of Swiss Agency for Development and Cooperation. Under the terms of their lease, the Swiss

---

[1] For purposes of deciding this motion to dismiss, this Court will accept all well-pleaded factual allegations in the complaint as true. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

1

Agency deposited rent into a JPMorgan Chase account held by Plaintiff's mother Gigi. When Plaintiff's father died in 2005, Plaintiff, his mother, his sister and an additional non-party all became one-fourth owners of the property by operation of Albanian law. Compl. ¶ 10. After the father's death, the Swiss Agency continued making rent payments into the JPMorgan Chase account until the lease expired in 2011. At that point, Defendant Gigi executed a new lease with the European Union that ran from 2011 to 2015. The European Union deposited rent into the same Chase account.

In the complaint, Plaintiff alleges that "there was an understanding and agreement between the members of the Lelo family that the rent paid into the Chase account by the tenants of the Albania Property was held for the benefit of the owners of the Albania Property equally[,]" and thus Plaintiff is allegedly entitled to one-fourth of any and all accrued rent, which amounts to $162,500.00. Compl. ¶¶ 13-14. Plaintiff alleges that Defendants' failure to pay him the pro rata share of this commercial rent constitutes unjust enrichment, monies had and received, common law fraud, and fraudulent conveyance under N.Y. Debt. & Cred. Law § 276. Compl. ¶¶ 24-50. Plaintiff does not plead breach of contract, nor does Plaintiff affirmatively plead that the terms of such an "understanding and agreement" were ever memorialized in a written contract.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard does not require "detailed factual allegations," but it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). This facial plausibility requirement is not satisfied by allegations that are "merely consistent with a defendant's liability or show the mere possibility of misconduct." Santiago v. Warminster Twp., 629 F.3d 121, 133 (3d Cir. 2010). Determining facial plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (quoting Iqbal, 550 U.S. at 679).

When addressing a motion to dismiss under Rule 12(b)(6), courts in the Third Circuit conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated." Fowler, 578 F.3d at 210. Courts are "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable" to the nonmoving party. Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (internal citations omitted). While factual allegations must be accepted as true, courts should "not credit either 'bald assertions' or 'legal conclusions' in a complaint." Id. at 177; see also James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (in deciding Rule 12(b)(6) motions, federal courts should "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements"). When assessing the factual allegations in a complaint, courts may consider not just the complaint, but also documents attached thereto or specifically referenced therein and matters of public record. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998). Once the factual and legal elements have been separated, the

3

court must "then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 210–11.

### III. DISCUSSION

#### a. Plaintiff's Quasi-Contractual Claims for Unjust Enrichment and Monies Had and Received are Dismissed with Prejudice

Plaintiff asserts two quasi-contract causes of action: unjust enrichment (Count I) and monies had and received (Count II). These two counts derive from and rely on the same basic contractual proposition, namely that Plaintiff has a legal entitlement to a share of the rent payments due to his one-fourth ownership of the property. Nevertheless, Plaintiff has not pleaded breach of contract nor alleged that such entitlement results from an express or implied-in-fact contract. Instead, Plaintiff alleges that his entitlement rests on an "understanding and agreement between the members of the Lelo family." Compl. ¶ 13. If such an understanding existed, however, Plaintiff's claim would be for breach of contract—either express or implied-in-fact—and not under quasi-contract, which is an equitable remedy enforced without reference to the intentions of the parties. Accordingly, this Court will dismiss Counts I and II with prejudice and grant Plaintiff leave to amend the complaint in order to plead express or implied breach of contract, and to support such a claim with sufficient factual allegations to demonstrate a plausible entitlement to relief.

To establish unjust enrichment under New Jersey law, the plaintiff "must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 135 N.J. 539 (N.J. 1994). Further, the plaintiff must demonstrate that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant, and that the failure of remuneration enriched defendant beyond its contractual rights. Id. at 544. Termed "quasi contract," the equitable remedy of unjust

4

enrichment is imposed when there "is not a contract at all, since there is no actual manifestation of assent." Wanaque Borough Sewerage Auth. v. Twp. of W. Milford, 144 N.J. 564, 574 (N.J. 1996). Unlike for express or implied-in-fact contracts, quasi-contractual obligations are "imposed by the law for the purpose of bringing about justice <u>without reference to the intention of the parties</u>." Id. at 574 (emphasis added) (internal citations omitted). Plaintiff's second cause of action, for "monies had and received," similarly constitutes a quasi-contractual equitable remedy. Compl. ¶ 32 (basing cause of action on "principles of equity and good conscience").

Equitable quasi-contract causes of action are not available when an adequate remedy exists at law. Duffy v. Charles Schwab & Co., 123 F. Supp. 2d 802, 814 (D.N.J. 2000). There is an adequate remedy at law if a valid contract governs the rights of the parties; in such case, quasi-contract liability is not permitted. Van Orman v. Am. Ins. Co., 680 F.2d 301, 310 (3d Cir.1982); St. Matthew's Baptist Church v. Wachovia Bank Nat'l Ass'n, 2005 WL 1199045, at *7 (D.N.J. May 18, 2005) ("[w]here there is an express contract covering the identical subject matter of the claim, plaintiff cannot pursue a quasi-contractual claim for unjust enrichment."); Duffy, 123 F. Supp. 2d at 814 ("Therefore, recovery based on a quasi-contract theory is mutually exclusive of a recovery based on a contract theory.").

In the complaint, Plaintiff alleges that "there was an understanding and agreement . . . that the rent . . . . was held for the benefit of the owners of the Albania Property equally." Compl. ¶ 13. For "actual contracts the agreement defines the duty, while in the case of quasi contract the duty defines the contract." Insulation Contracting & Supply v. Kravco, Inc., 209 N.J.Super. 367, 376 (N.J. App. Div. 1986). In this case, Plaintiff alleges that Defendants failed to pay him a pro rata share of the rent payments, in violation of their duty arising from their alleged "understanding and agreement." Therefore, any alleged injury constitutes breach of a contractual

5

obligation, and not breach of an equitable quasi-contract obligation, which arises "without reference to the intention of the parties." Wanaque Borough, 144 N.J. at 574. In view of Plaintiff's factual allegation regarding this contractual "understanding and agreement," Plaintiff has not plausibly demonstrated entitlement to relief under quasi-contract. Accordingly, this Court grants Defendants motion to dismiss Counts I and II with prejudice as deficient under Twombly and Iqbal.

Based on Plaintiff's deficient factual allegations, it is unclear whether the parties memorialized such an alleged "understanding and agreement" in an express contract. Similarly, Plaintiff provides no factual allegations to support whether such agreement should be implied-in-fact, based on the parties' conduct and in light of the surrounding circumstances. See Wanaque Borough, 144 N.J. at 574. As such, this Court grants Plaintiff leave to amend the complaint to assert a breach of contract claim, and further leave to support such claim with sufficient factual allegations to plausibly demonstrate that the alleged "agreement and understanding" arose from either an express or implied-in-fact contract. As both quasi-contract claims are now dismissed, this Court defers determination of whether such an "agreement and understanding" is void under the Statute of Frauds, pending Plaintiff's filing of an amended complaint with its additional factual allegations in support of breach of an express or implied-in-fact contract.

### b. Plaintiff's Claims Common Law Fraud and Fraudulent Conveyance are Dismissed without Prejudice

Plaintiff asserts two causes of action sounding in fraud, for common law fraud (Count III) and fraudulent conveyance under New York Debtor and Creditor Law §276 (Count IV). These fraud causes of action share the same deficiency: they incorrectly plead contractual entitlement to relief under non-contractual causes of action. For the claim of common law fraud, Plaintiff alleges that all defendants "knew that one-fourth of the funds belonged to Plaintiff." Compl. ¶¶

36-38. Similarly, Plaintiff supports his claim of fraudulent conveyance on the contractual entitlement to one-fourth of the rent payments. Compl. ¶ 48 ("[Plaintiff] has a claim against the defendants based on their failure to remit his share of the rental proceeds.")(emphasis added); Compl. ¶ 49 ("[Defendants] have delayed Plaintiff's efforts to receive the payments he is entitled to.")(emphasis added).

For both claims, Plaintiff may only establish an entitlement to relief for fraud if he is, in fact, contractually "entitled to" those rent payments. Alternatively expressed, there can be no material omission to Plaintiff's detriment when Defendants "fail[ed] to tell Plaintiff of the plans to withdraw and distribute the funds" if a share of such funds does not contractually belong to Plaintiff. As noted above, however, Plaintiff has not alleged sufficient facts to demonstrate such entitlement, either through an express contract or a contract implied-in-fact based on the parties' conduct. This deficiency implies that Plaintiff's claims for fraud, which critically rely on such entitlement, are deficient under Twombly/Iqbal standards. Accordingly, this Court will dismiss both claims without prejudice under Rule 12(b)(6), and grant Plaintiff leave to amend both claims with sufficient factual allegations to show a plausible entitlement to relief.

## IV. CONCLUSION

**IT IS** on this 30th day of May, 2018;

**ORDERED** that Defendants' motion to dismiss Count I (Unjust Enrichment) and Count II (Monies Had and Received), pursuant to Rule 12(b)(6), is **GRANTED** and both claims are dismissed with prejudice; and further

**ORDERED** that Defendants' motion to dismiss Count III (Common Law Fraud) and Count IV (Fraudulent Conveyance under Debtor and Creditor Law §276) is **GRANTED** and both claims are dismissed without prejudice; and further

**ORDERED** that Plaintiff is granted leave to amend the complaint, in order to assert a claim for breach of contract and to support such claim, as well as any claims for fraud, with sufficient factual allegations to demonstrate a plausible entitlement to relief.

       /s Stanley R. Chesler
       STANLEY R. CHESLER
       United States District Judge